IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MASTRONARDI PRODUCE LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-25-CV-407-FB |
| | § | |
| NS BRANDS, LTD., | § | |
| | § | |
| Defendant. | § | |

### ORDER ACCEPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Before the Court are: (1) the [Sealed] Report and Recommendation of United States Magistrate Judge (ECF No. 116); (2) Defendant NS Brands, Ltd.'s Objections to Magistrate Judge's Report and Recommendation (ECF No. 128); (3) Plaintiff Mastronardi Produce Limited's Response to Defendant's Objections to Magistrate Judge's Report and Recommendation (ECF No. 136); and (4) Defendant NS Brands Ltd.'s Reply in Support of Objections to Magistrate Judge's Report and Recommendation (ECF No. 142), all of which have been filed under seal.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of them. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

On the other hand, any Report or Recommendation to which there are objections requires *de novo* review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a *de novo* review

when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the Report, Magistrate Judge Chestney recommends to this Court that Plaintiff Mastronardi Produce Limited's Opposed Motion for Preliminary Injunction [ECF No. 65] be GRANTED and that a preliminary injunction consistent with Plaintiff's proposed order, as set out in the Report, be entered in this case.

The Court has thoroughly and carefully reviewed the Defendant's Objections, Plaintiff's Response, and Defendant's Reply and has conducted a de novo review of the issues properly raised by the Defendant. The Court finds, after careful consideration of the record and the Report and Recommendation, that the Defendant's lack merit and are overruled. Therefore, the Court hereby accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation (ECF No. 116) and incorporates herein the arguments and authorities presented in Plaintiff Mastronardi Produce Limited's Response to Defendant's Objections to Magistrate Judge's Report and Recommendation (ECF No. 136), and finds the recommendation should be accepted such that Plaintiff Mastronardi Produce Limited's Opposed Motion for Preliminary Injunction (ECF No. 65) shall be GRANTED.

Accordingly, IT IS HEREBY ORDERED that the Report and Recommendation of United States Magistrate Judge (ECF No. 116) is ACCEPTED such that Plaintiff Mastronardi Produce Limited's Opposed Motion for Preliminary Injunction (ECF No. 65) is GRANTED such that Defendant NS Brands, Ltd. ("NatureSweet") is ENJOINED and RESTRAINED as follows:

1.    NatureSweet, its employees, owners, directors, agents, assigns, representatives, affiliates and third parties for whom NatureSweet is legally responsible, and all acting in concert with them (collectively, "NatureSweet Parties"), are ENJOINED and

RESTRAINED from directly or indirectly accessing, requesting, receiving, using, or disclosing, for any purpose, Mastronardi Produce Limited's ("MPL") trade secret, confidential, or non-public information, in any form, whether oral, verbal, stored on external hard drives, cloud accounts, personal computers, phones, email, and hardcopy notes or notebooks.

2.  The NatureSweet Parties are ENJOINED and RESTRAINED from directly or indirectly destroying, concealing, deleting, removing, altering or transferring any and all documentation in any form, whether paper or electronic (including but not limited to computer files, emails, cloud storage accounts, photos, and notebooks), data, drafts, or other materials that:  (i)  were obtained from or derived from MPL confidential or non-public information; (ii) relate in any way to MPL confidential or non-public information, or the use, disclosure, or possession thereof; or (iii) relate in any way to instructions, requests, directives, understandings or agreements regarding MPL trade secret, confidential, or nonpublic information, whether within NatureSweet or with third parties.

3.  NatureSweet employee Dean Taylor is ENJOINED and RESTRAINED from directly or indirectly communicating in any manner or form with any of the NatureSweet Parties regarding the NatureSweet Parties' (i) trialing, selection, or use of varietals for tomatoes, and peppers, and any other product for which Dean Taylor had access to trade secret, confidential, or non-public information during his employment with MPL; (ii) contracts, agreements, understandings (and ancillary discussions and negotiations thereof) with suppliers, including but not limited to breeders, seed companies and varietal clubs; (iii) selection of and contracts, agreements or understandings (and

ancillary discussions and negotiations thereof) with suppliers, including but limited to growers and seed suppliers; (iv) selection of and contracts, agreements or understandings (and ancillary discussions and negotiations thereof) with customers, potential customers, or owners, directors, agents, assigns, representatives or affiliates thereof; and (v) business expansion plans. His knowledge regarding these subjects is based on, and inextricably intertwined with, MPL's trade secret, confidential, and non-public information.

4. Within seven (7) days of the entry of this Order, NatureSweet shall file a declaration, signed under penalty of perjury, identifying the steps that it has taken to comply, and ensure compliance with the requirements of Paragraph 3, above.

5. NatureSweet shall, within 72 hours of the issuance of this Order,[1] return to MPL, through MPL's counsel, all MPL trade secret, confidential, and non public information Dean Taylor took with him upon leaving MPL's employ, including but not limited to any MPL information stored on external hard drives, cloud accounts, personal computers, phones, email, and hardcopy notes or notebooks.

6. NatureSweet shall, within 72 hours of the issuance of this Order, identify to MPL's counsel of record, in writing and under oath, the devices and accounts on which the materials produced pursuant to Paragraph 5, above, were first found or located, and the trail of all devices and persons for whom such materials were transferred. After receiving this identification, MPL may request a forensic examination of any property, device or account identified to determine the extent of use or disclosure, and to

---

[1] Given the amount of discovery that has transpired already, the parties have most likely already accomplished what is required in paragraphs 5 and 6. To the extent that MPL believes that outstanding obligations under paragraphs 5 and 6 exist, they may notify the Court by filing an advisory

undertake appropriate remediation measures. Any such forensic inspection shall be conducted by a neutral third party jointly agreed to by the parties.

7. The NatureSweet Parties are ENJOINED and RESTRAINED for a period of one year from the date of this Order from encouraging or soliciting, directly or indirectly, any employee, contractor, or consultant, of MPL or any of its affiliates to leave MPL and/or to join NatureSweet.

8. MPL shall not be required to post a bond for issuance of this Preliminary Injunction. *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (recognizing the Court's discretion to waive the posting of a bond); *Glycobiosciences, Inc. v. Woodfield Pharm., LLC*, 2016 WL 1702674, at *9 (S.D. Tex. Apr. 27, 2016) (waiving bond requirement where "Defendant will not suffer any monetary loss as a result of the injunction if it is not using the contested [trade secret] materials").

9. This Order shall remain in full force and effect through the date on which Judgment is entered following the trial in this action unless modified by this Court.

10. This Order shall become immediately effective upon its entry.

IT IS FURTHER ORDERED that Defendant's Expedited Motion for Reconsideration of the October 6, 2025 Order Imposing Restrictions upon Defendant (ECF No. 129) is DISMISSED AS MOOT.

It is so ORDERED.

SIGNED this 27th day of March, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE